UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22720-CIV-LENARD/WHITE

**THOMAS JAMES MINKS**,

        Plaintiff,

vs.

**MIAMI-DADE CORRECTIONS AND REHAB. DEPT., ET. AL.**,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (D.E.6)

**THIS CAUSE** is before the Court on the Report and Recommendation of the Magistrate Judge ("Report," D.E. 6), issued on October 16, 2009, recommending that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Plaintiff Thomas James Minks ("Minks") filed his Objections to the Report and Recommendation ("Objections," D.E. 7) on October 26, 2009.

Minks filed his Complaint in the instant action on September 11, 2009, claiming that Defendant Miami-Dade Correctional Facilities' substitution of a legal research service in place of a law library thereby denies him access to the courts, in violation of his civil rights pursuant to 42 U.S.C. § 1983. *See* Compl., D.E. 1 at 4. At time of filing, Minks was not party to any criminal or civil suit, or appeal therefrom. Upon initial screening pursuant to 28 U.S.C. § 1915 (proceedings *in forma pauperis*), the Magistrate

Judge recommended that Minks' complaint be dismissed, finding that 1) Minks did not allege that he had suffered an actual injury and 2) the right of access to the courts does not include the right to discover claims or litigate them effectively once filed. *See* Report, D.E. 6 at 4, *citing Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Minks objects to the Report; however, he fails to raise any new arguments, stressing instead the inefficiency of the legal research service available to him. *See* Objections, D.E. 7 at 3.

Having reviewed the Report and the Objections, the Court finds that Minks has not stated sufficient facts to support a claim of denial of access to the courts. Minks has not alleged that he has been prejudiced in any actual or contemplated litigation. *See Lewis*, 518 U.S. at 349. Rather, Minks' Objections focus on the hypothetical situations in which Minks might need quicker access to legal resources than the current system might allow. *See* Objections, D.E. 7 at 3. Viewing the complaint in a light most favorable to Minks, as well as relaxing the pleading standards for this *pro se* litigant, the Court cannot find that Minks has alleged that the legal research tools provided to him are inadequate. *See Lewis*, 518 U.S. at 355; *citing Bounds v. Smith*, 430 U.S. 817, 821 (1977).

Moreover, the right of access to the courts only requires that prisoners have the capability to "attack their sentences, directly or collaterally, or to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355 (inmates are not guaranteed the means "to transform themselves into litigating engines"); *citing Bounds*, 430 U.S. at 821. That the legal research system available to Minks during his incarceration is not as efficient as a full law library is not a deprivation of the right of access to courts that 42 U.S.C. § 1983 is

designed to protect. *See Lewis*, 518 U.S. at 355 (impairment of an inmate's "litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").

    Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 6), issued on October 16, 2009 is **ADOPTED**;

2. Plaintiff's Complaint (D.E. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and

3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of December, 2009.

                                            **JOAN A. LENARD**
                                          **UNITED STATES DISTRICT JUDGE**